IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:12CV312 |
| vs. | |
| $59,800.00 IN UNITED STATES CURRENCY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on Claimants' motions to change venue, (Filing Nos. 40 & 44). For the reasons set forth below, the motions will be denied.

## BACKGROUND

On April 4, 2012, during a traffic stop in Douglas County, Nebraska, law enforcement seized the defendant currency from an automobile driven by Claimant Fathi Ali Moharam. The government claims the funds were connected with a drug transaction. In a verified claim, Claimant Vincent J. Holmes alleges he entrusted the money to Moharam to lease business space and purchase business equipment in California; that the funds were not connected with the sale or purchase of illegal drugs.

Holmes now seeks to change the venue of these proceedings to the Northern District of New York, (Filing No. 40). He asserts that New York is more convenient because both claimants are from New York, Holmes cannot travel to Nebraska because he is caring for his sick mother, Holmes has potential witnesses in New York, and any documentation of the legitimate sources of the currency is located in New York. Fathi Ali Moharam has joined Holmes' motion.

## LEGAL ANALYSIS

Under 28 U.S.C. § 1404, the court performs an individualized analysis of case specific factors to determine whether Claimants' requested transfer to the Northern District of New York

federal court will advance the convenience and fairness of these proceedings. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The plaintiff's chosen forum is generally afforded "considerable deference." In re Apple, 602 F.3d 909, 913 (8th Cir. 2010). The court will also consider the convenience of the parties, the convenience of the witnesses, the interests of justice, and any other relevant factors when comparing alternative venues. Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 696 (8th Cir. 1997) (citing 28 U.S.C. § 1404(a)). Factors to consider include the willingness of witnesses to appear, the ability to subpoena witnesses, the adequacy of deposition testimony, the accessibility to records and documents, the location where the conduct complained of occurred, and the applicability of each forum state's substantive law. Id. (citing Terra Intern., Inc. v. Mississippi Chemical Corp., 922 F. Supp. 1334, 1359 (N.D. Iowa 1996)). Additional factors the court may consider include judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law. Id. (citing Terra Intern., 922 F. Supp. at 1361-63).

In this case, Claimants do not contest that venue is proper in Nebraska. Rather they argue the Northern District of New York is more appropriate. Specifically, Holmes alleges he is currently caring for his sick mother and unable to travel due to his responsibilities as her primary care giver. He further argues that he is without funds to travel. Holmes asserts the money came from legitimate means – he collected it from a series of highly successful yard sales – and that any documentary evidence he has regarding those transactions is located in New York.

The court will not grant a transfer of venue when "if the effect is to merely shift the inconvenience from one party to another." Terra Intern., 119 F.3d at 697. This is essentially what the claimants are asking the court to do. While it may be inconvenient for Claimants to travel to Nebraska it will also be inconvenient Plaintiff's witnesses – e.g., law enforcement officers – to travel to New York. Although Holmes makes a vague reference to witnesses he may call, he provides no specificity as to whom he might call on his behalf and how any potential testimony would aid his case. And as to Holmes and any witnesses from New York, this court willing and able to accommodate participation by videoconferencing.

Holmes has expressed a generalized concern that the documentary evidence of his yard sales is located in New York. But Holmes has not specifically identified any records supporting his claim. And any banking or business transaction records could easily be mailed or transferred electronically to Holmes' attorney or filed with the court.

The remaining factors are neutral or weigh in favor of the plaintiff. In short, the Claimants have provided no reason why Plaintiff's chosen forum of Nebraska should not stand.

Accordingly,

IT IS ORDERED:

1) Claimants' respective motions requesting transfer of venue to the Northern District of New York, (Filing Nos. 40 and 44), are denied.

2) The nonjury trial of this case is set to commence before Cheryl R. Zwart, United States Magistrate Judge, in the Special Proceedings Courtroom, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at 9:00 a.m. on **April 6, 2015**, or as soon thereafter as the case may be called, for a duration of one trial day.

3) The Pretrial Conference is scheduled to be held before the undersigned magistrate judge on **March 24, 2015** at **11:30 a.m.**, and will be conducted by telephone. Counsel for the plaintiff shall place or arrange the call. The parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to zwart@ned.uscourts.gov, in either Word Perfect or Word format, by 5:00 p.m. on March 23, 2015.

February 24, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge